IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiffs,<br><br>vs.<br><br>GARY GRAHAM,<br><br>                Defendant. | **4:22CR3073**<br><br>**FINDINGS, RECOMMENDATION,<br>AND ORDER** |

Although represented by his retained counsel, Defendant has filed three pro se motions. Liberally construed, Defendant's motions raise multiple and repetitious claims that this case must be dismissed. For the following reasons, Defendant's motions should be denied.

    1)    Lack of subject matter jurisdiction

Defendant claims this court lacks subject matter jurisdiction over this action. (Filing No. 32, at CM/ECF p. 1-5; Filing No. 34 at CM/ECF p. 1). Defendant is charged with conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. 846 and 851, and he is charged with being a felon in possession of firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). A federal court has jurisdiction to adjudicate alleged violations of federal criminal statutes.

2) Speedy Trial Act

Defendant argues his rights under the Speedy Trial Act were violated when his trial was continued without his consent. (Filing No. 32, at CM/ECF pp. 8-9; Filing No. 34, at CM/ECF p. 1).

Defendant first appeared before this court on June 27, 2022. At that time, his trial was set to commence on August 29, 2022, with pretrial motions due on July 27, 2022. On July 14, 2022, Defendant's attorney moved to continue the pretrial motion deadline, explaining he needed more time to review discovery. The court continued the pretrial motion deadline to September 30, 2022, with a new trial date of October 31, 2022. As stated in the court's order, the time between July 14, 2022 and September 30, 2022 was excluded for the purposes of calculating time under the Speedy Trial Act. (Filing No. 24). This order was not appealed.

Counsel for co-defendant Jamie McGinnis moved to withdraw on July 21, 2022. That motion was granted, and new counsel appeared for McGinnis on August 4, 2022. In the meantime, Defendant Graham moved for new counsel on July 25, 2022. A hearing was held on the motion on July 27, 2022. At the hearing, Graham withdrew his motion. Graham then filed the first of his pending pro se motions on August 19, 2022. (Filing No. 32).

Even assuming no interim motions were filed, the Speedy Trial Act has not been violated because the time between the defendant's first court appearance, (June 27, 2022) and the filing of his pending motion(s) (August 19, 2022) is less than 70 days.

2

In addition, the clock stopped when motions were filed and the court considered the motion to withdraw filed by McGinnis' counsel and the motion for new counsel filed by Graham. And the time between July 14, 2022 and September 30, 2022 was excluded by court order in response to the motion to continue filed by Graham's counsel. In the end, applying the Act, only 16 days have expired under the Speedy Trial clock. The case cannot be dismissed for violation of the Speedy Trial Act.

3) False evidence before the grand jury

Defendant claims he has evidence that he was indicted because a witness lied to the grand jury. (Filing No. 33, at CM/ECF p. 2; Filing No. 34, at CM/ECF p. 1). This is an issue to be raised at trial. The court cannot dismiss the case based on alleged false information presented before the grand jury.

4) Criminal behavior by police

Defendant alleges the police engaged in criminal behavior. (Filing No. 33, at CM/ECF p. 3; Filing No. 34, at CM/ECF pp. 7-8). He offers little explanation for this allegation. Conclusory statements of alleged police criminal conduct do not justify Defendant's alleged criminal conduct as specifically described in the indictment or provide a basis for dismissing the indictment. Graham claims law enforcement damaged his home and killed his dog when they conducted a search, (Filing No. 32, at CM/ECF pp. 6-7; Filing No. 34, at CM/ECF p. 2), but those allegations do not support dismissal of the indictment or a claim for recovery Defendant can raise in this lawsuit.

5)   Discovery violations

Defendant claims the government has delayed disclosing discovery. (Filing No. 33, at CM/ECF p. 1; Filing No. 34, at CM/ECF p. 5). He states his counsel could not open the flash drives of Rule 16 discovery provided by the government. He surmises this technology problem was no accident; that the government was and still is intentionally withholding discovery. There is no evidence to support this allegation, and no evidence of any prejudice arising from any delay in the ability to review the discovery on the flash drives. His allegation of delayed Rule 16 disclosures does not support dismissal.

6)   Motions to suppress

Graham raises claims that evidence must be suppressed and the case against him must be dismissed because the search of his truck and residence violated the Fourth Amendment, (Filing No. 32, at CM/ECF pp. 6-7; Filing No. 33, at CM/ECF pp. 2, 4; Filing No. 34, at CM/ECF p. 2); and Anna Idigima stole evidence while employed by the Nebraska State Patrol. (Filing No. 32, at CM/ECF p. 8; Filing No. 33, at CM/ECF p. 3; Filing No. 34, at CM/ECF p. 2).

The pretrial motion deadline is September 30, 2022. If Graham's retained counsel believes these arguments should be raised, he can move to suppress the evidence and, if appropriate, the court will set an evidentiary hearing. But based on the arguments raised in Defendant's pro se motions, this case should not be dismissed due to inadmissible evidence.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the

pro se motions filed by the defendant (Filing Nos. 32, 33, and 34) be denied in their entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) Any motions filed on behalf of Defendant Graham must be filed by his retained counsel.

2) Any future pro se motions sent to the court by Graham will <u>not</u> be filed as motions. They will be forwarded to defense counsel for his consideration in representing the defendant.

3) Graham's counsel shall advise the defendant of this order.

Dated this 13th day of September, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge