IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3073 |
| vs. | |
| GARY GRAHAM, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 165) to the Magistrate Judge's findings and recommendation (filing 164) that his motion to suppress his statements to law enforcement (filing 133), motion to suppress evidence obtained from a search (filing 135), and motion to dismiss (filing 160) be denied. The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b)(1). On its de novo review, the Court agrees completely with the Magistrate Judge's findings and recommendation. Accordingly, the defendant's objection will be overruled.

This matter is also before the Court on the defendant's response (filing 158) to the government's notice of information of prior conviction (filing 61), which the Court understands to be an objection to the government's proposed use of his conviction in case no. 8:98-cr-235 to enhance his sentence in this case. In particular, the government relies on 21 U.S.C. § 841(b)(1), which provides in relevant part that a person convicted of conspiring to possess 500 grams or more of methamphetamine mixture with intent to distribute it, *see* filing 1, "after a prior conviction for a serious drug felony . . . has become final . . . shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment. . . ."

A "serious drug felony" for purposes of § 841(b)(1) includes an offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, with (1) a maximum term of imprisonment of 10 years or more, for which the offender (2) served more than 12 months' imprisonment (3) from which he was released less than 15 years before committing the current offense. § 802(57) (citing 18 U.S.C. § 924(e)(2)). Here, the defendant was convicted of conspiracy to manufacture and distribute methamphetamine—then, as now, punishable by up to 20 years' imprisonment—and sentenced in 1999 to a term of 120 months' imprisonment. Case no. 9:98-cr-235 filing 70. But, he argues, he was released more than 15 years ago, meaning that the conviction can't be used for sentence enhancement. *See* filing 158.

The flaw in the defendant's argument is that the 15-year period for a sentence enhancement runs from his "release from any term of imprisonment" to "the *commencement* of the instant offense." § 802(57) (emphasis supplied). Here, the defendant was released from prison on or about July 31, 2007. Filing 158; *see also* case no. 9:98-cr-235 filing 165. And the indictment charges him with a drug conspiracy "[b]eginning on or about December 1, 2018, and continuing to on or about June 13, 2022." Filing 1 at 1. Not only did the alleged offense *commence* within 15 years of the defendant's release from prison—it allegedly *ended* within 15 years of his release. If the defendant is convicted of the offense alleged now, his prior conviction subjects him to enhanced punishment. His objection to the contrary is denied. Accordingly,

IT IS ORDERED:

1. The defendant's objection (filing 165) to the Magistrate Judge's findings and recommendation is overruled.

2. The findings and recommendation (filing 164) are adopted.

3. The defendant's motion to suppress his statements to law enforcement (filing 133) is denied.

4. The defendant's motion to suppress evidence obtained from a search (filing 135) is denied.

5. The defendant's motion to dismiss (filing 160) is denied.

6. The defendant's objection (filing 158) to the government's information of prior conviction is overruled.

Dated this 19th day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge