IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3073 |
| vs. | |
| GARY GRAHAM, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 191), and moved for a downward departure (filing 191) and downward variance (filing 193).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has objected to the presentence report in two respects. First, he objects to the two-level enhancement to the offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Filing 191 at 1. That enhancement should be applied if the weapon was present, unless it is clearly improbably that the weapon was connected with the offense. *Id*., cmt. n.11(A).

When the defendant objects to any of the factual allegations contained in the presentence report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Thus, the government must show that (1) the weapon was possessed and (2) it was not clearly improbable that

the weapon was connected to the drug offense. *United States v. Maxwell*, 61 F.4th 549 (8th Cir. 2023).

The Court notes that according to the presentence report, there *may* be more than one weapon at issue:

> The defendant was in possession of a rifle at the time law enforcement conducted a search of his residence where drugs were located on February 5, 2021. In addition, multiple cooperating witnesses indicated they observed the defendant in possession of firearms or observed a firearm in Mr. Graham's residence during drug sales.

The rifle seems to be a .22 caliber rifle that was located under the hood of a truck located at Graham's home, which the defendant says was for hunting raccoons. Filing 191 at 1; *see* filing 195 at 1. Whether that was the weapon described by confidential informants, or whether they described a different weapon, isn't clear from the record. But, because it's the government's burden to prove this enhancement, the Court will make a final determination on the evidence at sentencing.

Second, the defendant generally objects to his criminal history category: He "asserts that his Criminal History Category is incorrect and should be Criminal History Category 1 with no points—making him eligible for a two-level reduction in Offense Level pursuant to Amendment 821." Filing 191 at 1-2. The factual or legal basis for that assertion is unexplained. *See* filing 191.

And there's no arguing with the defendant's 1999 conviction for conspiracy, which was imposed by this Court in case No. 8:98-CR-235.

For reasons the Court has previously explained, that conviction was less than 15 years before the defendant's commencement of the present offense. *See* filing 173. The defendant also hasn't explained why his other convictions resulting in criminal history points—for possessing a controlled substance, possessing a deadly weapon, disturbing the peace, and criminal mischief—shouldn't count toward his criminal history category.[1]

The defendant is not, as the Court understands it, objecting to the *fact* of the convictions—in other words, it doesn't seem like the defendant is claiming the Court records reflected in the presentence report are inaccurate. That means the government has met its initial burden of proving that the defendant was convicted. *See United States v. Stapleton, 316 F.3d 754, 756 (8th Cir. 2003)*. And while many of those convictions resulted only in probation or fines, they're still "prior sentence[s]" that are worth one criminal history point each under U.S.S.G. § 4A1.1(c). *See* U.S.S.G. § 4A1.2 cmt. n.2 ("[a] sentence of probation is to be treated as a sentence under § 4A1.1(c)"); *United States v. Foote, 705 F.3d 305, 307 (8th Cir. 2013)* ("all prior sentences are points of criminal history unless specifically exempted"); *United States v. Ruacho, 746 F.3d 850, 853 (8th Cir. 2014)* ("[p]rior sentences include sentences where defendants were required only to pay a small fine"); *United States v. Castaneda, 62 F.3d 1422 (8th Cir. 1995)* ("a 'prior sentence' is any sentence imposed upon an adjudication of guilt, including a sentence of probation").

---

[1] Contrary to the defendant's apparent belief, *see* filing 195 at 3, no criminal history points have been assessed for "petty offenses such as dog at large and Game and Parks."

Accordingly, the Court's tentative conclusion is that the defendant's objection to his criminal history calculation is without merit. The defendant also argues that his criminal history is overstated within the meaning of U.S.S.G. § 4A1.3(b)(1). Filing 191 at 2. That's a basis for downward departure "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *Id*. The Court will resolve the defendant's motion for departure at sentencing.

Finally, the defendant moves for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 193. The Court will resolve that motion at sentencing.

3.   Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.   If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

- 5 -

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge